FILED

JUN 0 3 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  TH  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. RANDY LAZAR,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>S.M.R.T., LLC, a California limited liability company; and CORNELIUS MCKAY, an individual,<br><br>    Defendants. | Case No.: 3:18-cv-00822-BEN-BGS<br><br>**ORDER DENYING (1) REQUEST FOR JUDICIAL NOTICE AND (2) MOTION TO DISMISS**<br><br>[ECF No. 34] |

    This is a *qui tam* action alleging false Medicare and Medi-Cal claims. Compl., ECF No. 1, ¶ 1. Relator Randy Lazar has brought the complaint on behalf of the United States and State of California pursuant to 31 U.S.C. § 3720(b)(2) and Cal. Gov't Code § 12650. *Id.* Defendants S.M.R.T., LLC, a California limited liability company ("S.M.R.T.") and Cornelius McKay, S.M.R.T.'s registered agent and owner, (collectively, "Defendants") filed a motion to dismiss. Compl., ECF No. 1, ¶¶ 10-11; Mot., ECF No. 34. Lazar opposed. Opp'n, ECF No. 35. As a real party in interest and pursuant to 28 U.S.C. § 517, the United States filed a Statement of Interest also opposing dismissal. Statement, ECF No. 36. Defendants filed a reply. Reply, ECF No. 38. The

1

motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. As set forth below, the Court **DENIES** the motion.

I. **BACKGROUND**[1]

S.M.R.T. sells durable medical equipment and supplies to patients who utilize federally funded government healthcare programs. Compl., ECF No. 1, ¶¶ 1-2. Cornelius McKay is the owner of S.M.R.T. *Id.* at ¶ 11.

Randy Lazar began working for Defendants in 2016. Compl., ECF No. 1, ¶ 17. During his employment, Lazar discovered Defendants were exploiting Medicare and Medi-Cal "by: (1) misreporting customer data to qualify for funding to which they were not entitled; and (2) billing government entities for supply orders that were never shipped." *Id.* at ¶¶ 18, 29-31, 35, 37. On September 17, 2017, after Lazar attempted to "educate Defendants and correct their wrongful practices," Defendants terminated Lazar's employment. *Id.* at ¶ 19.

On January 5, 2018, Lazar filed a civil lawsuit against McKay in the San Diego Superior Court, styled as *Lazar v. McKay*, San Diego Superior Court Case No. 37-2018-00000738-CU-BC-CTL (the "State Court Action"). Compl., ECF No. 1, ¶ 11.[2] Lazar alleged claims for breach of contract, breach of the covenant of good faith and fair dealing, and recovery of money he had paid on Defendants' behalf. *See* State Court Compl., ECF No. 34-3. On April 9, 2018, S.M.R.T. filed a cross-complaint in the State Court Action, alleging various state law claims against Lazar. *See* State Court Cross-Compl., ECF No. 34-4. On April 30, 2018, while the State Court Action was still

---

[1] The following overview of the facts is drawn primarily from Lazar's Complaint, ECF No. 1, which the Court assumes true in analyzing the motions to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

[2] The nature of that lawsuit and the following information is not stated in the complaint. Instead, it is only discussed by the parties in their briefing on the motion to dismiss.

2

pending, Lazar filed this *qui tam* complaint under seal. *See* Compl., ECF No. 1. Lazar's complaint alleges claims for relief for (1) presentation of false claims under the federal False Claims Act, 31 U.S.C. § 3729(a)(1)(A); (2) presentation of false claims under California's False Claims Act, Cal. Gov't Code § 12651(a)(1); (3) making or using false records or statements to cause claims to be paid, 31 U.S.C. § 3729(a)(1)(B); (4) making or using false records or statements to cause claims to be paid, Cal. Gov't Code 12651(a)(2); (5) making or using false records or statements to avoid an obligation to refund, 31 U.S.C. § 3729(a)(1)(G); (6) making or using false records or statements to avoid an obligation to refund, Cal. Gov't Code 12651(a)(7)(8); (7) retaliation against the relator, 31 U.S.C. § 3730(h)(1); and (8) retaliation against the relator, Cal. Gov't Code 12653(a). *See id.*

On May 23, 2019, Lazar and Defendants entered into a court-approved Stipulation for Dismissal in the State Court Action for their respective state law claims. Stipulation, ECF No. 34-5. The Stipulation for Dismissal references a "Mutual Release and Settlement Agreement document" (the "Release Agreement") that was executed "simultaneously with their execution of the [Stipulation for Dismissal]." *Id.* at 3. However, the Release Agreement was not attached to the Stipulation for Dismissal or otherwise filed in the State Court Action. Opp'n, ECF No. 35, 3.

Lazar and Defendants executed the Release Agreement after the *qui tam* action had been filed but before the United States and California decided to intervene in this case. On November 13, 2020, the United States and California informed the Court they did not intend to intervene in the *qui tam* action at that time. *See* ECF No. 19. On December 1, 2020, the *qui tam* complaint was unsealed. ECF No. 20.

Thereafter, Defendants brought this motion to dismiss. ECF No. 34. Defendants argue the Release Agreement is judicially noticeable and bars Lazar's *qui tam* claims.

## II.  LEGAL STANDARD

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on the lack of a cognizable legal theory or absence of sufficient facts to support a

3

cognizable or plausible legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

In their motion to dismiss, Defendants do not attack the factual sufficiency of the complaint's allegations but instead argue the claim is barred by the Release Agreement executed between Lazar and Defendants. Mot., ECF No. 34, 2-3. They assert that because in the March 22, 2019 Release Agreement, Lazar released "all claims, rights, and causes of action based on or arising out of . . . all acts, omissions, conduct, representations, occurrences, or events prior to the date of execution of [the] Agreement," the Release Agreement covers Lazar's *qui tam* claims made in the April 30, 2018 complaint in this case. *Id.* at 3, 6. Defendants reason the Court should dismiss the complaint because those claims are covered by the Release Agreement. *Id.* at 6. However, the Release Agreement is not attached to the complaint or referenced in it.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must

4

give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* (citation omitted).

Here, Defendants do not argue there is any infirmity with the complaint. Instead, they argue that the Release Agreement bars this suit. Mot., ECF No. 34, 5-6. Because the Release Agreement is not contained within or attached to the complaint, it must fall within one of the exceptions articulated in *Ritchie* for the Court to consider it here. Defendants argue the Court may consider the Release Agreement under both (1) the incorporation by reference doctrine and (2) judicial notice exception. Mot., ECF No. 34, 5-6. The Court addresses each argument below.

### 1. Incorporation by Reference Doctrine Does Not Apply

Defendants first argue the Release Agreement should be considered under the incorporation by reference doctrine. Mot., ECF No. 34, 5. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). "Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'" *Id.* (citation omitted).

Here, Lazar does not dispute the authenticity of the Release Agreement. However, Lazar also does not mention the Release Agreement in the complaint, and the claims in the complaint do not depend on the Release Agreement. Put differently, *Branch* sets forth a two-part test for the incorporation by reference doctrine: (1) undisputed authenticity and (2) reference in the complaint. 14 F.3d at 454. Both criteria must be met before the Court will consider matter outside the complaint based on incorporation by reference, and both criteria are not met here. *See Cejas v. Brown*, Case No. 18-cv-00543-WQH-JLB, 2019 WL 201406, at *5 (S.D. Cal. Jan. 15, 2019) (declining to take judicial

5

notice of a settlement agreement based on incorporation by reference doctrine). Accordingly, the Court declines to consider the Release Agreement pursuant to incorporation by reference.

### 2. The Public Records Exception Does Not Apply

Next, Defendants argue the Court may take judicial notice of the Release Agreement as a matter of public record pursuant to Rule 201 of the Federal Rules of Evidence. Mot., ECF No. 34, 5. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (quotation marks and citation omitted); *see also Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (noting courts may take judicial notice of filings and other matters of public record).

Here, Defendants argue the "Release Agreement's existence is 'not subject to reasonable dispute,' and the Court should take judicial notice of the fact of its existence, including the provision in which Lazar released [Defendants] from all causes of action arising out of all acts and events prior to its 2019 execution." Mot., ECF No. 34, 5. However, Defendants fail to show that the Release Agreement is a court filing or other matter of public record. Instead, it appears the Stipulation for Dismissal, not the Release Agreement, was actually filed with the superior court in the State Court Action. Stipulation, ECF No. 34-5.

"Courts in this District have declined to take judicial notice of settlement agreements that have not been filed in a court and are therefore not a matter of public record." *Cejas*, 2019 WL 201406, at *4 (citing, among others, *Gallagher v. San Diego Unified Port Dist.*, Case No. 08-cv-886-IEG-RBB, 2009 WL 311120, at *5 n. 8 (S.D.

Cal. Feb. 6, 2009)).  These courts have reasoned that because the agreements are not a matter of public record, they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)(2).  Moreover, these declinations serve a prudential purpose of clearly delineating between an attack on the pleadings and a motion for summary judgment.

Finally, the Court notes the Release Agreement was executed over one year after Lazar's *qui tam* complaint was filed.  The Ninth Circuit has previously stated that it is not proper to consider a document made after the complaint was filed on a motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448-49 (9th Cir. 2006).  The court reasoned that where a document, like the Release Agreement here, is created after the filing of a complaint, it cannot be said that the complaint *relies on* the document.  *Id.*  Accordingly, the Court declines to take judicial notice of the Release Agreement.

## IV. CONCLUSION

For the reasons set forth above, the Release Agreement is not subject to judicial notice and cannot be incorporated by reference.  Accordingly, the Court does not consider it for purposes of Defendants' Motion to Dismiss.  As the Motion to Dismiss is premised entirely on the contents of the Release Agreement, the Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 2, 2021

HON. ROGER T. BENITEZ
United States District Judge