UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. RANDY LAZAR,<br><br>           Plaintiff/Relator,<br><br>v.<br><br>S.M.R.T., LLC, a California limited liability company; and CORNELIUS MCKAY, an individual,<br><br>           Defendants. | Case No.: 3:18-cv-00822-BEN-BGS<br><br>**ORDER GRANTING GOVERNMENT PARTIES' MOTIONS TO INTERVENE**<br><br>**[ECF Nos. 41, 45]** |

This is a *qui tam* action alleging false Medicare and Medi-Cal claims. Compl., ECF No. 1, ¶ 1. Relator Randy Lazar has brought the complaint on behalf of the United States and State of California pursuant to 31 U.S.C. § 3720(b)(2) and Cal. Gov't Code § 12650. *Id.* After initially declining to intervene, the United States and California ("Government Parties") now seek intervention, citing that their investigation was incomplete at the time of their original declination. As set forth below, the Court grants the motions to intervene.

**I.    BACKGROUND**

Relator initiated this *qui tam* action on April 30, 2018. ECF No. 1. This Court

1

granted the Government Parties several extensions of time to decide on intervention. ECF Nos. 6, 8, 10, 12, 15, 17.  On November 13, 2020, the Government Parties informed the Court they did not intend to intervene in the *qui tam* action.  ECF No. 19.  On December 1, 2020, the *qui tam* complaint was unsealed.  ECF No. 20.  The Government Parties concluded their investigations, which included a presentation from Defendants' counsel, in February 2021.  ECF No. 41, at 5.  The United States and State of California moved for intervention on June 7, 2021 and July 6, 2021 respectively.  ECF Nos. 41, 45.

## II.   LEGAL STANDARD

In False Claims Act (FCA) cases initiated by a private relator, the Government has an unfettered right to intervene within 60 days after service of the complaint and all material evidence the relator possesses, with extensions of the period for intervention available for good cause. 31 U.S.C. § 3730(b)(2)-(3).  Even if the Government initially declines to intervene, it may intervene later upon a showing of good cause, *id.* § 3730(c)(3), at which point it enjoys the same rights as if it had intervened from the outset, *U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp*, 151 F.3d 1139, 1145 (9th Cir. 1998).

Courts have found good cause can be demonstrated in several ways, including a showing of changed circumstances, the discovery of additional information, or a variety of other factors.  *See U.S. ex rel. Sequoia Orange Co. v. Sunland Packing House Co.*, 912 F. Supp. 1325, 1348 (E.D. Cal. 1995); *United States ex rel. Rockwell Int'l Corp.,* 950 F. Supp. 1046, 1049 (D. Colo. 1996).  Even without new information, Courts will permit intervention if it would not be unduly prejudicial to the defendant or cause undue delay. *See United States ex. Rel. Sharpe v. Americare Ambulance*, No.13-cv-1171, 2017 WL 2986258, at *1 (M.D. Fla. July 13, 2017).  The good cause requirement is designed to protect the interests of the relator.  This prevents a relator who may have expended considerable resources preparing the case from losing a substantial portion of their recovery due to a late government intervention.  *Rockwell*, 950 F. Supp. at 1049.

### III. ANALYSIS

Defendants argue the Government Parties fail to demonstrate good cause and that allowing intervention would prejudice the Defendants. This Court finds both arguments unpersuasive.

**A. The Government Parties have demonstrated good cause.**

Defendants take umbrage with the amount of time the Government Parties took to complete their investigations, pointing out the approximately two-and-a-half-year gap between this case being filed and the deadline to decide on intervention. ECF No. 49, at 7. Defendants argue this was more than enough time to complete the investigation and that nothing that occurred since the intervention deadline justifies intervention at this point. In particular, Defendants point to a presentation made by the USA in October 2020, before the intervention deadline, in which the Government Parties demonstrated they had a prima facie case against the Defendants under the FCA. *Id.*

Both Government Parties state their investigations were not complete before the intervention deadline and that based on the information available at the deadline, a deadline this Court extended four times, the calculus did not support intervention. Government Parties point to a February 2021 presentation from the Defendants regarding the case that led to the final investigative steps that led both parties to conclude intervention was appropriate. ECF No. 41 at 5; ECF No. 45 at 6.

In *U.S. ex rel Siller v. Becton Dickinson & Co.*, the Fourth Circuit addressed §3190 and whether Congress intended it to be jurisdictional in character. There, the court stated, "because the intervention decision many at times require substantial, time-consuming investigation, the government should not be bound in all cases to a 60-day period in deciding whether to intervene in *qui tam* actions. That Congress had this . . . concern suggests, if anything, that it may not have intended section 3730(b)(4) as a jurisdictional requirement." 21 F.3d 1339, 1345 (4th Cir. 1994). This Court finds this analysis persuasive and recognizes there are investigations that for myriad of reasons may take significantly longer to conclude than others. This Court will not undertake the

process of critiquing the investigative methods of the Government Parties, but based on the pleadings, it is satisfied that the Government Parties demonstrated a change of circumstances and discovery of new information indicative of good cause.

**B. Neither Plaintiff/Relator nor Defendant will be prejudiced by intervention.**

Relator has consented to intervention by both Government Parties. ECF No. 41-2. The good cause requirement for late intervention is to protect the Relator. Here, the Relator's consent to intervention shows this Court need not intervene to protect Relator's interests.

Even absent the Relator's consent, this case is at an early stage where intervention will not prejudice the Defendants. *See U.S. ex rel. Roberts v. Sunrise Senior Living, Inc.*, No. CV 05-3758-PHX-MHM, 2009 WL 499764 (D. Ariz. Feb. 26, 2009), (granting intervention before discovery but following the defendant's answer as intervention "would not unduly prejudice or delay the proceedings); *Americare Ambulance*, 2017 WL 2986258, at *1 (granting intervention motion following adjudication of motion to dismiss and one year left in discovery). There has been no discovery in this case and the only work undertaken by Defendants is answering Relator's complaint and urging a motion to dismiss unrelated to the merits of the case. Defendants' arguments about intervention necessitating a second round of motions to dismiss are without merit. First, motions to dismiss are not required. Second, the opportunity for Defendants to urge new dismissal motions is to their benefit. While they may not choose to exercise this option, it does offer another opportunity to seek dismissal. That Defendants may decide it is in their interest to file another motion to dismiss is not the equivalent of prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the Motions to Intervene are granted.

**IT IS SO ORDERED.**

Dated: October 28, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge