UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA ex rel. RANDY LAZAR,<br><br>　　　　　　Plaintiff/Relator,<br><br>v.<br><br>S.M.R.T., LLC, a California limited liability company; and CORNELIUS MCKAY, an individual,<br><br>　　　　　　Defendants. | Case No.: 3:18-cv-00822-BEN-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>[ECF No. 82] |

　　　This is a *qui tam* action alleging false Medicare and Medi-Cal claims. ECF No. 1. Relator Randy Lazar ("Realtor") brought the complaint on behalf of the United States and State of California pursuant to 31 U.S.C. § 3720(b)(2) and Cal. Gov't Code § 12650. *Id*. Defendants are S.M.R.T., LLC, a California limited liability company ("S.M.R.T.") and Cornelius McKay, S.M.R.T.'s registered agent and owner, (collectively, "Defendants"). As real parties in interest and pursuant to 28 U.S.C. § 517, the United States and State of California motioned to intervene in this case. ECF No. 41, 45. A settlement including all parties was ultimately reached. ECF No. 75.

　　　Relator brings the instant motion for attorneys' fees. ECF No. 82. Intervenor

Plaintiff United States filed a non-opposition to this motion.  ECF No. 83.  Defendants filed a response in opposition, and Relator supplied a reply.  ECF No. 84, 85.  The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.

As set forth below, the Court **DENIES** the motion.

## I.   BACKGROUND

The factual background of the complaint itself is not necessary to resolve the instant motion.  It is sufficient to say Relator alleged Defendant made fraudulent Medi-Care and Medi-Cal claims.  After United States and the State of California intervened, the parties engaged in settlement discussions and ultimately executed a Settlement Agreement (the "Agreement").  Realtor alleges that he and Defendants came to an oral agreement that they would draw up a separate contract for Defendants to pay Realtor's attorneys' fees.  Defendants dispute this, and further argue that the Settlement Agreement reached in the case specifically waived Realtor's right to attorneys' fees.

Although the instant motion is for attorneys' fees, the parties' legal arguments center around the Agreement.  Accordingly, the dispute of the parties is whether this Agreement is binding on the issue of attorneys' fees, or whether it is effectively rescinded by Realtor's counsel.  Additionally, Realtor seeks to introduce parol evidence to support his contentions, which Defendants argue is improper.

## II.   LEGAL STANDARD

"A settlement agreement is a contract, and the legal principles [that] apply to contracts generally apply to settlement contracts." *Weddington Productions, Inc. v. Flick*, 60 Cal. App. 4th 793, 810 (1998).  The validity of a settlement agreement is "judged by the same legal principles applicable to contracts generally." *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th (2005) (quoting *Timney v. Lin*, 106 Cal. App. 4th 1121, 1128 (2003)).

An essential element of any contract is "consent." *Weddington*, 60 Cal. App. 4th at 810.  *See also* CAL. CIV. CODE, § 1550; 1 Witkin, Summary of Cal. Law (9th ed. 1987)

Contracts, § 6, p. 44.  The grounds for recission of a contract are stated in California Civil Code section 1689; one such ground is if consent was given by "mistake."  CAL. CIV. CODE § 1689(b)(1); *Donovan v. RRL Corp.*, 26 Cal.4th 261, 278 (2001).  A mistake under section 1689 can be either mistake of fact (CAL. CIV. CODE § 1577) or mistake of law (CAL. CIV. CODE § 1578).  *See also Hedging Concepts, Inc., v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1421 (1996).

### III.  ANALYSIS

In Defendants' response to the instant motion, they argue Realtor waived his right to attorneys' fees in the Settlement Agreement.  Defendants attach a copy of the Agreement as an exhibit to the response.  In his reply, Realtor argues that his counsel effectively rescinded his part in the Agreement, arguing that his consent was given by mistake or obtained through fraud, or the contract can be rescinded through a failure of consideration.[1]

####    A.  Recission via Consent Given by Mistake

A factual mistake by one party (unilateral mistake) affords a ground for recission in some circumstances.  *Donovan*, 26 Cal.4th at 278.  "'Mistake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in: [¶] 1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract'…"  *Id.* (quoting CAL. CIV. CODE § 1577(1)). A mistake of fact can also be a "[b]elief in the presence existence of a thing material to the contract . . ." CAL. CIV. CODE § 1577(2).

In *Donovan*, the California Supreme Court ruled that a party seeking to rescind a contract due to a unilateral mistake of fact must show the following: (1) the rescinding

---

[1] Realtor only devotes two sentences to his argument that consent was given through fraud.  The first sentence lists the elements of fraud, and the second states "Each of these elements is met here."  The Court declines to entertain such perfunctory and undeveloped argument.  *Zhang v. Cty. of Monterey*, No. 17-cv-00007-LHK, 2021 WL 2322940 at *6 (N.D. Cal. June 6, 2021).

party made a mistake regarding a basic assumption upon which the rescinding party made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to the rescinding party; (3) the rescinding party does not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable. *Donovan*, 26 Cal.4th at 282.

A party seeking recission of a contract due to a mistake of fact must first show the mistake was not caused by neglect of a legal duty. *Id.* at 278. California courts have found that failure to read a contract before signing it can preclude recission, either as a neglect of legal duty, or such failure means the party bore the risk of his own mistake and so fails the third *Donovan* factor. *See Estate of Eskra*, 78 Cal. App. 5th 209, 226-30 (2022) (failure to read final prenuptial agreement prior to signing document, including failure to follow up with independent counsel after initial negotiations, amounted to party bearing risk of mistake); *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1588-89 (2005) (plaintiff's failure to read settlement agreement prior to signature constituted plaintiff bearing risk of such mistake, precluding rescission); *Casey v. Proctor*, 59 Cal.2d 97, 104-105 (1963) (California Supreme Court finding "plaintiff's failure to read the release, or, if he did read it, his failure to understand that it extended also to claims for personal injuries" was as a matter of law the neglect of a legal duty.).

Realtor was afforded ample opportunity to review the Agreement and prior versions thereof before the parties signed the final version. Realtor attaches a spreadsheet which summarizes time submissions of firm employees working on the case. Entries between October 2021 and March 7, 2022 show that the firm was preparing for and discussing settlement. On February 9, 2022, attorney for Realtor entered an eighteen-minute time entry summarized as "Review of agreement. Email to Joe Mullen [Defendants' counsel] about draft agreement and impact on other case." ECF No. 82, Ex. 1. There are no time entries indicating a review of the Agreement on March 7, 2022, the date the Agreement was signed by Realtor and his counsel. Although it is unknown when the attorney fee provisions were inserted into the Agreement, waiver of fees and costs

appears in two separate paragraphs of the thirty-two-paragraph document.

Paragraph 11 of the Terms and Conditions of the Agreement explicitly states:

"Realtor…releases SMRT…and McKay, from any liability to Realtor arising from the filing of the Civil Action, or under 31 U.S.C. S 3730(d), or analogous provisions of the California False Claims Act, for expenses or attorneys' fees and costs."

*Id.* Additionally, in Paragraph 22, it states "Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement." *Id*.

Realtor argues that he mistakenly believed that a separate agreement for Defendants to pay his attorneys fees had already been drawn up or executed. However, this argument fails for two reasons. First, such a separate contract could have been referenced in the Agreement, but instead the Agreement contained an integration clause representing that the Agreement was "the complete agreement between the Parties." *Id*. Second, such a mistake has been rejected by Courts as the explicit terms of the contract contained provisions which stated the opposite—*i.e.*, the truth would have been discovered by reading the Agreement. "Failure to make reasonable inquiry to ascertain or effort to understand the meaning and content of the contract upon which one relies constitutes neglect of a legal duty such as will preclude recovery for unilateral mistake of fact." *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 615 (1975). *See also In re Marriage of Hill & Dittmer*, 202 Cal. App. 4th 1046, 1054 (2011) (citing *Wal-Noon Corp.* in rejecting claim that premarital agreement was entered into involuntarily).

"It is well established, in the absence of fraud, overreaching or excusable neglect, that one who signs an instrument may not avoid the impact of its terms on the ground that he failed to read the instrument before signing it." *Stewart*, 134 Cal. App. 4th at 1588, (quoting *Hulsey v. Elsinore Parachute Center*, 168 Cal. App. 3d 333, 339 (1985)). *See also* Rest.2d Contracts, § 157, com. b, p. 417("Generally, one who assents to a writing is presumed to know its contents and cannot escape being bound by its terms . . .").

From Realtor's attorney's time entries, it appears the last time the Agreement was reviewed by counsel was February 9, 2022, almost a month before signature. Whether the version reviewed on February 9 was in fact the final version of the Agreement is unknown. However, this does not relieve Realtor and his counsel of the duty to review legal contracts before signature.

### B. Recission via Failure of Consideration & Parol Evidence

Realtor next argues that he is owed recission of the contract due to failure of consideration, as payment of his attorneys' fees was essential consideration for him under the Agreement. First, as noted above, payment of attorneys' fees is explicitly waived by the Agreement's terms. While Realtor offers email exchanges to suggest that an oral agreement did exist prior to signing the Agreement, the Court having considered these emails declines to admit them to modify the Agreement's terms. "Although parol evidence may be admissible to determine whether the terms of a contract are ambiguous . . . it is not admissible if it contradict[s] a clear and explicit [] provision." *Hervey v. Mercury Casualty Co.*, 185 Cal. App. 4th 954, 961 (2010) (citations omitted). The terms of the Agreement are not ambiguous, and the emails seek to contradict clear and explicit provisions thereof. Second, Realtor has received value under the Agreement, namely his share of the settlement payment to the government entities as well as avoidance of "delay, uncertainty, inconvenience, and expenses of protracted litigation . . ." ECF No. 84, Ex. A. Realtor has received value under the Agreement.

### IV. CONCLUSION

For the reasons set forth above, Realtor Plaintiff's Motion for Attorneys' Fees is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: December 29, 2022

**HON. ROGER T. BENITEZ**
United States District Judge